On April 10, 1947, defendant Roland J. Tabor purchased a 1942 1 1/2 ton Chevrolet truck from the French Pontiac Company of New Orleans, and financed the credit portion of $720.00 through Time Finance Company, said loan being evidenced by chattel mortgage note in the sum of $720.00, of date April 10, 1947, and secured by chattel mortgage of the same date. The chattel mortgage recites that the truck is located at New Orleans, Louisiana. On May 10, 1947, this same truck was acquired by defendant A.M. Angellette from Russel Tabor, in the Parish of Lafourche, Louisiana, said Russel Tabor claiming to be the owner of the truck. Later, when the Time Finance Company discovered that the truck had been transferred and that Roland J. Tabor could not meet the payments thereon, the said Company brought this suit against both Roland J. Tabor and A.M. Angellette claiming that Tabor or his agent moved the mortgaged truck out of the Parish of Orleans and placed it in the hands of defendant Angellette, contrary to the terms of the chattel mortgage and contrary to law. In *Page 666 
its petition the plaintiff partnership prayed for a writ of sequestration of the truck which was duly granted.
The defendant Tabor admitted the material allegations of the petition with reference to the loan, but maintained that the truck was never removed from the Parish of Orleans, and was operated from out of the City of New Orleans subject to his control and orders; that only on occasions did the truck remain in Lafourche Parish, and only for short intervals; that said Russel Tabor who illegally transferred the truck to defendant Angellette, was employed by Roland J. Tabor and that he had no authority whatsoever to sell the truck, and that Roland J. Tabor knew nothing of Russel Tabor's sale until after it was completed; that therefore the said truck was illegally in the hands of Angellette and that the defendant Roland J. Tabor was entitled to possession thereof.
The defense of Angellette is, in effect, that he is an innocent purchaser for value; that the truck was in the possession of Russel Tabor, who rented an apartment on his property in Lafourche Parish, and had been continuously stored there practically every night since April 11, 1947; that before purchasing said truck he caused a check in Lafourche Parish records to be made to ascertain whether or not there were any liens against the truck, and finding no liens, and since Russel Tabor represented himself as the owner of the truck, and even produced a certificate of registration from the State of Louisiana in his name, he concluded that it was safe to purchase it and therefore he did so.
After the trial of the case the District Court granted judgment in favor of Time Finance Company and against the defendant Roland J. Tabor in the sum of $648.00, (being the balance due on the loan) plus legal interest from date of judicial demand until paid, plus 15% attorney's fees and all costs; and further ordered that the writ of sequestration heretofore issued be annulled and that defendant Angellette be decreed to be lawful owner of the truck. From this judgment the plaintiff has appealed.
From the evidence it is shown that defendant Roland Tabor was a resident of the City of New Orleans, Louisiana, and that he negotiated this loan with plaintiff, Time Finance Company, with the assistance of Mr. Hebert who was known to the Company; that the chattel mortgage he gave provided that the truck would remain in the City of New Orleans and that Time Finance Company had no knowledge of any kind that it would be removed elsewhere. Defendant Roland Tabor testified that he turned the truck over to his brother Russet Tabor for the purpose of hauling scrap iron and other things under his direction, in Lafourche Parish; the intention of both himself and his brother was that he would move to New Orleans as soon as an apartment could be found for him; that the truck did not leave the City of New Orleans except under his orders.
Angellette testified in accordance with his defense that he had no knowledge of Roland Tabor's ownership of the truck and was under the positive impression that it belonged to Russel Tabor, because of Russel Tabor's representations to that effect, the fact that the license to the truck was in the name of Russel Tabor, and the further fact that it was in the garage and stored when not in use, on his premises in Lafourche Parish. He further testified that before purchasing the truck he had his attorney check the mortgage records of Lafourche Parish and received a clearance from his attorney.
[1] From the facts set forth it is clear that the real culprit is Russel Tabor, whose whereabouts were apparently unknown at the time of the trial and that the parties herein involved are apparently all innocent. However, the fact remains that the loan in question was made in Orleans Parish and that both the lender and the borrower resided in the City of New Orleans, and that the chattel mortgage clearly provided that the truck should not be removed without the written consent of plaintiff, Time Finance Company, and that this was well understood by defendant Roland Tabor. It is shown that the chattel mortgage was recorded at the domicile of the borrower, and in the Parish wherein was located the truck, *Page 667 
which constitutes full compliance with the law as brought out in the case of Mossler Acceptance Corporation v. Naquin, La. App., 30 So.2d 766.
"Filing and recordation of chattel mortgage in Parish of chattel's location and that of mortgagor's domicile, as required by statute, gives mortgage the effect in all other parishes of state. Act No. 172 of 1944, § 3."
[2] It certainly seems that Time Finance Company complied with statute, and the facts involved in the case at bar in so far as the question of recordation of the instrument is concerned, are identical to the Mossler case supra. It may be true that had Time Finance Company consented to the storage of the truck in Lafourche Parish, as defendant Angellette claims it was, or even if Time Finance Company had knowledge of such fact, possibly it would have been duty bound to have recorded its chattel mortgage in that Parish also, but the evidence is all to the effect that plaintiff had given no such consent and had no such knowledge. The truck was purchased in New Orleans, from a New Orleans company, and by a resident of New Orleans, and under these circumstances plaintiff could not anticipate that it would be turned over to a third party who would remove it to another parish.
[3] It is our conclusion, under the facts of this case, that the chattel mortgage resting against the truck is a valid chattel mortgage with full force and effect in the Parish of Lafourche; that the lien and privilege resulting therefrom should have been recognized and that the writ of sequestration under which the said truck was seized should have been maintained.
[4] The plaintiff has not cited to us any law, and we know of none which would make defendant, A.M. Angellette, personally liable for the debt, and therefore judgment cannot be rendered against him.
For these reasons, it is ordered that the judgment appealed from is hereby set aside, annulled and reversed and it is further ordered, adjudged and decreed that there be judgment in favor of plaintiffs, Time Finance Company, and its individual members therein, Florence Bradford, Luther Bradford, James N. Adams and William Renaudin, and against the defendant Roland J. Tabor in the sum of Six Hundred Forty-Eight and No/100 ($648.00) Dollars, together with legal interest from date of judicial demand, until paid, and for attorney's fees in the amount of fifteen (15%) per cent. of the principal and interest due, and costs.
It is further ordered that the writ of sequestration herein issued under which that certain 1942 Model Chevrolet 1 1/2-ton cargo truck bearing Motor No. BF 102752, had been seized by the Sheriff of Lafourche Parish, be maintained; that plaintiffs' lien and privilege upon the said truck be recognized; that the said truck be sold, and that out of the proceeds thereof plaintiffs' claim, together with interest and costs, be paid with preference and priority over all others whatsoever.
It is further ordered that defendant A.M. Angellette pay the costs of this appeal.
ELLIS, J., absent; J. CLEVELAND FRUGE, acting as Judge ad hoc.